WR-83,489-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/12/2015 11:07:06 AM
Accepted 11/13/2015 8:04:28 AM
ABEL ACOSTA
CLERK

FILED IN
COURT OF CRIMINAL APPEALS

November 13, 2015

ABEL ACOSTA, CLERK

No. WR-83,489-01

In the
Court of Criminal Appeals of Texas
at Austin

———————◆———————

**Cause No. 1449083-A**
In the 337th District Court
of Harris County, Texas

———————◆———————

**Ex parte G'COBRA SMITH**

———————◆———————

STATE'S BRIEF

———————◆———————

**Devon Anderson**
District Attorney
Harris County, Texas

**Randi P. Capone**
Assistant District Attorney
Harris County, Texas
State Bar No. 24077185
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713-274-6040
Fax No.: 713-368-9275
Capone_Randi@dao.hctx.net

*Counsel for The State of Texas*

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPLICANT

i

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.2(a), a complete list of the names of all interested parties is provided below so that the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Counsel for the State:

**Devon Anderson** – District Attorney of Harris County

**Randi P. Capone** – Assistant District Attorney on appeal

**Coby Leslie** – Assistant District Attorney at trial

Applicant:

**G'Cobra Smith**

Counsel for Applicant:

**Nicolas Hughes** – Counsel on appeal

**Jeanie Dickey** – Counsel at trial

Trial Judge:

**Hon. Renee Magee** – Presiding Judge

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL......................................................................ii

TABLE OF CONTENTS .......................................................................................iii

INDEX OF AUTHORITIES ....................................................................................iv

STATEMENT OF THE CASE .................................................................................1

STATEMENT REGARDING ORAL ARGUMENT ..................................................1

ISSUE PRESENTED ............................................................................................2

STATEMENT OF THE PROCEDURAL HISTORY ................................................2

STATEMENT OF FACTS.......................................................................................3

SUMMARY OF THE ARGUMENT.........................................................................5

ARGUMENT .......................................................................................................6

*The applicant's plea of guilty to the felony offense of attempted possession of a controlled substance was involuntary when laboratory analysis conducted by the Harris County Institute of Forensic Sciences revealed that the item possessed by applicant did not contain any controlled substance*........................................................................................6

PRAYER FOR RELIEF .......................................................................................11

CERTIFICATE OF SERVICE..............................................................................12

APPENDIX .........................................................................................................13

# INDEX OF AUTHORITIES

**Cases**

*Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963)................. 2,5

*Ex parte Mable*, 443 S.W.3d 129 (Tex.Crim.App. 2014).................................. 9, 10

*Ex parte Smith,* NO. WR-83,489-01, 2015 WL 5453046 (Tex. Crim. App., Sept. 16, 2015)..............................................................................................3

*Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001).........................9

*McCarthy v. United States*, 394 U.S. 459, 466 (1969)...................................8

*State v. Moore*, 240 S.W.3d 248, 250 (Tex. Crim. App. 2007).........................7


**Statutes**

TEX. CODE CRIM. PROC. ART. 2.01..............................................................9

TEX. HEALTH & SAFETY CODE § 481.105(1)...............................................7

TEX. HEALTH & SAFETY CODE § 481.118(b)...............................................7

TEX. HEALTH & SAFETY CODE § 481.118(c)...............................................7

TEX. HEALTH & SAFETY CODE §§ 481.101-481.105.....................................7

TEX. HEALTH & SAFETY CODE §§ 481.112-481.118.....................................7

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

The State of Texas, by and through the undersigned Harris County Assistant District Attorney, files its brief in response to the Court of Criminal Appeals' filing and setting for submission the issue of whether under these circumstances, Applicant's plea to a lesser offense which was arguably supported by the evidence was rendered involuntary by the subsequent discovery that the evidence would not have supported the greater charge; and the State would show the following:

## STATEMENT OF THE CASE

This case involves an application for writ of habeas corpus filed by the applicant, G'Cobra Smith, pursuant to TEX. CODE OF CRIM. PROC. art. 11.07. The applicant is seeking habeas relief from his plea of guilty and subsequent felony conviction for the offense of attempted possession of a controlled substance in cause number 1449083.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39, the State requests oral argument only if oral argument is requested by the applicant.

1

## ISSUE PRESENTED

(1)     Whether the applicant's plea of guilty to the lesser felony offense of attempted possession of a controlled substance was rendered involuntary by the subsequent discovery that the evidence would not have supported the greater charge of possession of a controlled substance.

## STATEMENT OF THE PROCEDURAL HISTORY

On November 24, 2014, the applicant entered a plea of guilty and was convicted of the state jail felony offense of attempted possession of a penalty group four (4) controlled substance, namely, codeine, weighing at least twenty-eight (28) grams but less than two hundred (200) grams.    Pursuant to the plea bargain agreement, the applicant was sentenced by the trial court to one hundred eighty (180) days in State Jail.

On or about March 23, 2015, the State received a copy of the laboratory report associated with the applicant's disposed case from the Harris County Institute of Forensic Sciences.   The laboratory report indicated that the item possessed by the applicant, a plastic bottle containing a red liquid substance, was determined not to contain any controlled substance, as alleged in the criminal complaint and judgment. The State immediately forwarded the laboratory report to the Harris County Public Defender's Office, pursuant to its continuing obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963).

2

On June 16, 2015, the applicant, represented by Harris County Assistant Public Defender Nicholas R. Hughes, filed an application for writ of habeas corpus, in the 337th District Court, Harris County, Texas, cause number 1449083-A, challenging the validity of the plea agreement in light of the newly discovered, exculpatory information. On June 16, 2015, the trial court signed the parties' Agreed Findings of Fact and Conclusions of Law and recommended that relief be granted in the applicant's case.

On September 16, 2015, this Court remanded the application for further briefing on the legal issues, specifically, "to determine whether, under these circumstances, Applicant's plea to a lesser offense which was arguably supported by the evidence was rendered involuntary by the subsequent discovery that the evidence would not have supported the greater charge." *Ex parte Smith,* NO. WR-83,489-01, 2015 WL 5453046 (Tex. Crim. App., Sept. 16, 2015).

## STATEMENT OF FACTS

On November 20, 2014, the applicant was arrested and charged with the third-degree felony offense of possession of a penalty group four (4) controlled substance, namely, codeine, weighing at least twenty-eight (28) grams but less than two-hundred (200) grams by aggregate weight, in cause number 1449083. *See Appendix, State's Exhibit A, Criminal Complaint, cause no. 1449083.* Four (4)

3

days later, on November 24, 2014, the applicant waived indictment and entered into a plea agreement with the State of Texas. *See Appendix, State's Exhibit B, June 16, 2015, Court's Findings of Fact, Conclusions of Law, and Order*, cause no. 1449083-A. As part of the applicant's plea bargain agreement, applicant's charge was reduced on motion of the State to the lesser included offense, the state jail felony offense of attempted possession of a penalty group four (4) controlled substance, namely, codeine, weighing at least twenty-eight (28) grams but less than two-hundred (200) grams by aggregate weight. After a plea of guilty, the applicant was sentenced by the trial court to one-hundred eighty (180) days in State Jail. *See Appendix, State's Exhibit C, Judgment of Conviction by Court – Waiver of Jury Trial*, cause no. 1449083.

On March 23, 2015, approximately four (4) months after the applicant's plea, the substance inside the plastic bottle was tested and the State subsequently received a copy of the laboratory report associated with the applicant's case from the Harris County Institute of Forensic Sciences. *See Appendix, State's Exhibit D, Laboratory Report, Harris County Institute of Forensic Sciences.* The laboratory report indicated that the evidence seized in Applicant's case did not contain any controlled substances, or dangerous drugs, and in fact contained caffeine. *See Appendix, State's Exhibit D, Laboratory Report, Harris County Institute of Forensic Sciences.* The State immediately forwarded the laboratory report to the

4

Harris County Public Defender's Office pursuant to its continuing obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963). *See Appendix, State's Exhibit E, E-mail correspondence between the Harris County District Attorney's Office and the Harris County Public Defender's Office dated March 23, 2015.*

On June 16, 2015, the applicant, represented by Harris County Assistant Public Defender Nicholas R. Hughes, filed an application for writ of habeas corpus, cause number 1449083-A, alleging that the applicant's plea was involuntary and that applicant's conviction violates due process. Based on the State's belief that the applicant's conviction was, in fact, erroneous, the State joined the applicant in filing Agreed Findings of Fact and Conclusions of Law. On June 16, 2015, the trial court signed the parties' agreed findings and recommended that relief be granted in the applicant's case. *See Appendix, State's Exhibit B, June 16, 2015, Court's Findings of fact, Conclusions of Law, and Order*, cause no. 1449083-A.

## SUMMARY OF THE ARGUMENT

The applicant's plea of guilty to the felony offense of attempted possession of a controlled substance was involuntary when laboratory analysis conducted by

the Harris County Institute of Forensic Sciences revealed that the item possessed by applicant did not contain any controlled substance.

In this case, there was a pre-indictment plea bargain to drug possession charges, before the substance alleged in the charging instrument was confirmed to be codeine through a confirmatory laboratory analysis and report. In this circumstance, where a remarkable variance is discovered between the illicit substance alleged in the charging instrument and the results of a confirmatory laboratory report, habeas relief must be granted to maintain the integrity of the conviction. Additionally, had the State been aware that the confirmatory lab results would indicate the presence of caffeine rather than codeine; this case would have never been prosecuted. Justice requires that habeas relief be granted, and this conviction be set aside.

## ARGUMENT

**THE APPLICANT'S PLEA OF GUILTY TO THE FELONY OFFENSE OF ATTEMPTED POSSESSION OF A CONTROLLED SUBSTANCE WAS INVOLUNTARY WHEN LABORATORY ANALYSIS CONDUCTED BY THE HARRIS COUNTY INSTITUTE OF FORENSIC SCIENCES REVEALED THAT THE ITEM POSSESSED BY APPLICANT DID NOT CONTAIN ANY CONTROLLED SUBSTANCE.**

Chapter 481 of the TEXAS HEALTH AND SAFETY CODE sets out the Texas Controlled Substances Act. The act categorizes controlled substances by penalty

group. *See* TEX. HEALTH & SAFETY CODE §§ 481.101-481.105. Within each penalty group, the act further categorizes each penalty group by degree of offense and punishment range. *See* TEX. HEALTH & SAFETY CODE §§ 481.112-481.118.

In cause number 1449083, the applicant was arrested and charged with possessing codeine, a penalty group four (4) controlled substance. *See* TEX. HEALTH & SAFETY CODE § 481.105(1). The weight of the substance seized from applicant's possession was greater than twenty-eight (28) milligrams and less than two-hundred (200) milligrams; thus, the applicant was charged with the third-degree felony offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE § 481.118(c). As this Court is aware, when the substance alleged in the charging instrument is characterized under penalty group four (4), if the amount charged is less than twenty-eight (28) grams, the crime is classified as a Class B Misdemeanor. *See* TEX. HEALTH & SAFETY CODE § 481.118(b).

The conviction in the case before the Court was a result of a plea agreement. "Plea agreements continue to be a vital part of our criminal-justice system. Like many aspects of criminal law, however, plea agreements have become more complex in recent years. Historically, plea agreements have involved the defendant pleading guilty in exchange for a lesser sentence. With as much as ninety percent of all criminal cases resolved via plea agreements, charge reductions, dismissal of charges, or reduced sentences are commonplace." *State v. Moore*, 240 S.W.3d

248, 250 (Tex. Crim. App. 2007). This controlled substance case is not one in which the State could have reduced the amount of the substance in possession by the applicant, in order to effectuate a plea bargain that resulted in a reduced charge of a state jail felony.

Here, in order to meet the interests of both parties by reducing the charge to something most similar to the charge in the original complaint, maintain a felony conviction, and provide expediency within the justice system, both parties engaged in plea negotiations. Plea negotiations led to the reduction from "possession of a controlled substance" to "attempted possession of a controlled substance." This reduction through a plea negotiation allowed the applicant to be convicted of a felony level offense, a state jail felony, while at the same time lessening the time of incarceration. Given the facts and evidence that we know now, through the confirmatory lab report, both parties would not have agreed to plea the applicant's case if the parties were fully informed with the results showing the substance to be caffeine. As the Court stated in *McCarthy*, a guilty plea is an admission of all the elements of a formal criminal charge. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Therefore, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. *Id.*

It is well established that a guilty plea must be entered knowingly and voluntarily. *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014). In the applicant's case, the only evidence that he was privy to at the time of his plea was that the Officer believed the substance to be codeine. *See Appendix, State's Exhibit F, Baytown Police Department Offense Report GO#2014-54827 Pages 7 of 16 and 8 of 16.* Because applicant was unaware that the confirmatory testing would yield a different result, his plea of guilty was unknowing and involuntary. Additionally, had the State known of the variance at the time of the applicant's plea, the case would have been dismissed, and never prosecuted, as the evidence both fails to support the charging instrument, and the resulting conviction.

The State has an interest in maintaining the integrity of both its charges and convictions. If the State were to continue to pursue this conviction it would grossly go against the moral foundation and duty that we have as prosecutors. "The State of Texas has only one, indivisible interest in a criminal prosecution: to see that justice is done." *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001).[1] Furthermore, this Court has previously held that confirmatory laboratory

---

[1] "It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done." Tex.Code Crim. Proc. art. 2.01.

9

test results that show no illicit substances render a guilty plea unknowing and involuntary. *See Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014).

The evidence in possession of the State, a confirmatory lab report indicating the presence of caffeine, does not support the applicant's conviction. The State would not proceed to trial with this evidence, and if these facts were known by the State at the time of applicant's plea, applicant's case would have been dismissed. It is for this reason that the State agrees that the applicant is entitled to relief. This Court should grant habeas relief to afford the parties the opportunity to correct the error in a timely manner.

# PRAYER FOR RELIEF

Based on the foregoing, the State respectfully requests that this Court grant the application for writ of habeas corpus.

<div style="margin-left:50%">

/ s / Randi P. Capone

RANDI P. CAPONE
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 274- 6040
(713) 368-9275
State Bar No. 24077185

</div>

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been served on the following counsel of record:

Mr. Nicolas R. Hughes
Harris County Public Defender's Office
1201 Franklin Street, 13th Floor
Houston, TX 77002

Date: November 12, 2015

/ s / Randi P. Capone
RANDI P. CAPONE

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. PROC. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the page and word count limitations of TEX. R. APP. PROC. 9.4(I), if applicable, because it contains 2289 words excluding portions not to be counted under TEX. R. APP. PROC. 9.4(I)(1).

/ s / Randi P. Capone
RANDI P. CAPONE

# APPENDIX

02730767
337

THE STATE OF TEXAS
VS.

**G'COBRA SMITH**
**811 NORTHWOOD # 4802**
**BAYTOWN, TX 77521**

02730767

SPN:
DOB: **BM 1-31-1997**
DATE PREPARED: 11/20/2014

D.A. LOG NUMBER:2116200
CJIS TRACKING NO.:9170379025-A001

BY: **GU** DA NO: 002533728
AGENCY:**BTP**
O/R NO: 201454827
ARREST DATE: 11-20-2014

NCIC CODE: 5599 15

RELATED CASES:

FELONY CHARGE: **POSSESSION OF A CONTROLLED SUBSTANCE**
CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:
FIRST SETTING DATE:

1449083
337

BAIL: $5000
PRIOR CAUSE NO:

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **G'COBRA SMITH**, hereafter styled the Defendant, heretofore on or about **NOVEMBER 20, 2014**, did then and there unlawfully intentionally and knowingly possess a controlled substance, namely, compound, mixture and preparation containing not more than 200 milligrams of codeine per 100 milliliters and one or more nonnarcotic active medicinal ingredients in sufficient proportion to confer on the compound, mixture and preparation valuable medicinal qualities other than those possessed by the codeine alone, weighing at least 28 grams but less than 200 grams by aggregate weight, including any adulterants and dilutants.

**FILED**
Chris Daniel
District Clerk

NOV 20 2014

Time: 2004
Harris County, Texas
By_____Deputy

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Sworn to and subscribed before me on **November 20, 2014**

AFFIANT

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS.

BAR NO.

**COMPLAINT**

Certified Document Number: 63256745 - Page 1 of 1

STATE'S
EXHIBIT
A

**FILED**

EX PARTE

Chris Daniel
District Clerk

JUN 1 6 2015

Time:_____
Harris County, Texas
By_____
Deputy

G'COBRA SMITH

§
§
§
§
§
§
§
§
§

IN THE 337TH DISTRICT COURT

OF HARRIS COUNTY, TEXAS

---

## AGREED FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

### FINDINGS OF FACT

1. On November 20, 2014, Applicant was charged in Cause Number 1449083 with possession of substance in p.g. 4, ≥ 28 g. and < 200 g. (codeine). Exhibit 1.

2. On November 24, 2014, a formal charging instrument was issued in Appellant's case. Exhibit 2.

3. On November 24, 2014, Applicant pleaded guilty to attempted possession of substance in p.g. 4, ≥ 28 g. and < 200 g. (codeine) according to a plea agreement and was sentenced to 180 days in state jail. Exhibit 3, 4.

4. On March 23, 2015, evidence from Applicant's case was tested at the Harris County Institute of Forensic Sciences. Exhibit 5. The laboratory analysis did not indicate the presence of any controlled substance or dangerous drug Exhibit 5.

5. Applicant was never made aware of the March 23, 2015 lab report nor its implications regarding Cause 1449083.

STATE'S
EXHIBIT
_B_

PENGAD 800-631-6989

6. This is Applicant's sole felony conviction, a fact of significant consequence both at the federal and state levels. Additionally, Applicant will continue to suffer from collateral consequences from this conviction, including possible use of this conviction to deny housing, federal benefits, state benefits, as a punishment enhancement, to justify imposition of progressive punishment sanctions, during the punishment phase of a trial, as a basis to justify the denial of parole, as a basis to increase or deny bail, and continued economic/emotional/physical harm stemming from this case.

7. Applicant is currently confined and is serving 180 days in state jail in Cause Number 1449083.

## CONCLUSIONS OF LAW

1. The collateral consequences Applicant suffers are sufficient to vest this Court with jurisdiction over this application for writ of habeas corpus. *Ex parte Harrington*, 310 S.W.3d 452, 456–57 (Tex. Crim. App. 2010).

2. "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

3. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

4. "The standard is whether the plea is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Ex parte Mable*, No. WR–81358–01, 2014 WL 4627209, 1 (Tex. Crim. App. Sept. 17, 2014).

5. In light of the March 23, 2015 laboratory report, the decision to plead guilty is not a "voluntary and intelligent choice" given that the laboratory report indicates that the relevant evidence did not contain a controlled substance or dangerous drug, therefore Applicant could not have committed possession of substance in p.g. 4, $\geq$ 28 g. and < 200 g. (codeine).

6. This Court believes that a defendant in Applicant's shoes could not reasonably and logically determine whether or not to plead guilty to attempted possession of substance in p.g. 4, $\geq$ 28 g. and < 200 g. (codeine) without knowing the specific nature of the substance tested by the lab analysts.

7. This Court recommends that the Court of Criminal Appeals grant relief on the basis that Applicant's plea was involuntary and the conviction for possession of substance in p.g. 4, $\geq$ 28 g. and < 200 g. (codeine) violates due process. *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014).

8. This Court recommends that the Court of Criminal Appeals permit Applicant to withdraw the plea in Cause 1449083. *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014).

<div style="text-align: center;">**Agreed to by**</div>

| | |
|---|---|
| **ALEXANDER BUNIN** | **DEVON ANDERSON** |
| Chief Public Defender | District Attorney |
| Harris County, Texas | Harris County, Texas |

6/16/2015

**Nicolas R. Hughes**                    Inger Chandler

Assistant Public Defender          Assistant District Attorney

Harris County, Texas                   Harris County, Texas

1201 Franklin, 13th Floor           1201 Franklin, 6th Floor

Houston, Texas 77002                 Houston, Texas 77002

(713) 368-0016                           (713) 713 755-6657

(713) 437-4316 e-fax

TBA No. 24059981                       TBA No. 24041051

Signed and entered on this the _16_ day of _June_, 20_15_.

JUDGE PRESIDING

02730767
337

THE STATE OF TEXAS        02730767        D.A. LOG NUMBER:2116200
VS.                                              CJIS TRACKING NO.:9170379025-A001

**G'COBRA SMITH**       SPN:                        BY: **GU** DA NO: 002533728
**811 NORTHWOOD # 4802**    DOB: BM 1-31-1997         AGENCY:**BTP**
**BAYTOWN, TX 77521**      DATE PREPARED: 11/20/2014      O/R NO: 201454827
                                                            ARREST DATE: 11-20-2014

NCIC CODE: **5599 15**          RELATED CASES:

FELONY CHARGE: **POSSESSION OF A CONTROLLED SUBSTANCE**
CAUSE NO:                                                          BAIL: $5000
HARRIS COUNTY DISTRICT COURT NO:       **1449083**       PRIOR CAUSE NO:
FIRST SETTING DATE:                         **337**

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **G'COBRA SMITH**, hereafter styled the Defendant, heretofore on or about **NOVEMBER 20, 2014,** did then and there unlawfully intentionally and knowingly possess a controlled substance, namely, compound, mixture and preparation containing not more than 200 milligrams of codeine per 100 milliliters and one or more nonnarcotic active medicinal ingredients in sufficient proportion to confer on the compound, mixture and preparation valuable medicinal qualities other than those possessed by the codeine alone, weighing at least 28 grams but less than 200 grams by aggregate weight, including any adulterants and dilutants.

**FILED**
Chris Daniel
District Clerk

NOV 20 2014
Time: 2004
Harris County, Texas
By_____ Deputy

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on November 20, 2014

_____                     _____       
AFFIANT                                         ASSISTANT DISTRICT ATTORNEY     BAR NO.
                                                 OF HARRIS COUNTY, TEXAS.

COMPLAINT

EXHIBIT
1

Certified Document Number: 63256795 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 27, 2015

Certified Document Number:        63256705 Total Pages: 1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



THE STATE OF TEXAS      02730767      D.A. LOG NUMBER:2116200
VS.      CJIS TRACKING NO.:9170379025-A001

**G'COBRA SMITH**      SPN:      BY: GU DA NO: 002533728
**811 NORTHWOOD # 4802**      DOB: **BM 1-31-1997**      AGENCY:BTP
**BAYTOWN, TX 77521**      DATE PREPARED: 11/20/2014      O/R NO: 201454827
     ARREST DATE: 11-20-2014

NCIC CODE: **5599 15**      RELATED CASES:

FELONY CHARGE: **POSSESSION OF A CONTROLLED SUBSTANCE**
CAUSE NO:      BAIL: $5000
HARRIS COUNTY DISTRICT COURT NO:      **1449083**      PRIOR CAUSE NO:
FIRST SETTING DATE:      **337**

### IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Comes now the undersigned Assistant District Attorney of Harris County, Texas, in behalf of the State of Texas, and presents in and to the District Court of Harris County, Texas, that in Harris County, Texas, **G'COBRA SMITH**, hereafter styled the Defendant, heretofore on or about **NOVEMBER 20, 2014**, did then and there unlawfully, intentionally and knowingly possess a controlled substance, namely, compound, mixture and preparation containing not more than 200 milligrams of codeine per 100 milliliters and one or more nonnarcotic active medicinal ingredients in sufficient proportion to confer on the compound, mixture and preparation valuable medicinal qualities other than those possessed by the codeine alone, weighing at least 28 grams but less than 200 grams by aggregate weight, including any adulterants and dilutants.

*State Reduces to Attempted*
*PCS - Codeine NCIC #55947*
*180 days state Jail*
*CMH 11/24/14*

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FILED
Chris Daniel
District Clerk
Time:
NOV 24 2014
By
Harris County, Texas
Deputy

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS

*2405SY38*
BAR CARD NO.

**INFORMATION**

Certified Document Number: 63330203 - Page 12 of 13

EXHIBIT
2

NO.: **1449083**

THE STATE OF TEXAS

VS.

G'Cobra Smith

IN THE 337TH DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

## WAIVER OF INDICTMENT

I am the defendant named in the above felony information. My attorney has explained to me my right to be prosecuted by grand jury indictment which I hereby waive, and I consent to the filing of the above felony information.

APPROVED: X _____
ATTORNEY FOR DEFENDANT

x G'Cobra Smith
DEFENDANT

On this day, the defendant and his/her attorney appeared before me in open court. Having been advised by the court of the right to be prosecuted by indictment, the defendant knowingly and voluntarily waived this right.

Done this the **24** day of **Nov** , 20 **14**

Renee Magee
Renee Magee
Judge, 337th District Court
Harris County, Texas

FILED
Chris Daniel
District Clerk
Time: NOV 24 2014
By _____
Harris County, Texas
Deputy

**INFORMATION/WAIVER OF INDICTMENT**

Certified Document Number: 63330203 - Page 13 of 13



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 27, 2015

Certified Document Number:        63330203 Total Pages:  13

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

THE STATE OF TEXAS          02730767          D.A. LOG NUMBER:2116200
VS.                                           CJIS TRACKING NO.:9170379025-A001

**G'COBRA SMITH**          SPN:              BY: **GU** DA NO: 002533728
**811 NORTHWOOD # 4802**   DOB: BM 1-31-1997   AGENCY:**BTP**
**BAYTOWN, TX 77521**      DATE PREPARED: 11/20/2014   O/R NO: 201454827
                                              ARREST DATE: 11-20-2014

NCIC CODE: 5599 15          RELATED CASES:

FELONY CHARGE: **POSSESSION OF A CONTROLLED SUBSTANCE**
CAUSE NO:                                     BAIL: $5000
HARRIS COUNTY DISTRICT COURT NO:    **1449083**   PRIOR CAUSE NO:
FIRST SETTING DATE:                 **337**

## WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION

In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, **G'COBRA SMITH**, hereafter styled the Defendant, heretofore on or about **NOVEMBER 20, 2014**, did then and there unlawfully, intentionally and knowingly possess a controlled substance, namely, compound, mixture and preparation containing not more than 200 milligrams of codeine per 100 milliliters and one or more nonnarcotic active medicinal ingredients in sufficient proportion to confer on the compound, mixture and preparation valuable medicinal qualities other than those possessed by the codeine alone, weighing at least 28 grams but less than 200 grams by aggregate weight, including any adulterants and dilutants.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

State moves to Reduce to
Attempted PCS - Codeine
NCIC #5599A
180 days state Jail
CMH 11/24/14

Certified Document Number: 63330203 - Page 1 of 13



RECO
This in
a

EXHIBIT
3

I understand the above allegations and I confess that they are true and that the acts alleged above were committed on

11|20|14

In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at _____

180 days State Jail on Reduced charge of Att. PCS

and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor.

_____
DEFENDANT

Sworn to and Subscribed before me on ___11-20-14___

FILED
Chris Daniel
District Clerk
Time: _____
NOV 24 2014
By _____
Harris County, Texas
Deputy

_____
HARRIS COUNTY DEPUTY DISTRICT CLERK

I represent the defendant in this case and I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him. I believe that he is competent to stand trial. I agree to the prosecutors recommendation as to punishment. I waive any further time to prepare for trial to which I or the defendant may be entitled.

_____
DEFENDANT'S ATTORNEY (PRINT)

_____
SIGNATURE OF DEFENDANT'S ATTORNEY

I consent to and approve the above waiver of trial by jury and stipulation of evidence

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS

This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.

_____
JUDGE PRESIDING

**PLEA OF GUILTY**

Certified Document Number: 63023 - Page 2 of 13

<div style="border:1px solid">

### WRITTEN PLEA ADMONISHMENTS
### 337TH DISTRICT COURT
### HARRIS COUNTY, TEXAS

</div>

Cause Number: 1449083

Offense: Att. PCS. Codeine

DEFENDANT: G'Cobra Smith

**Pursuant to Article 26.13 of the Code of Criminal Procedure, the Court admonishes you the Defendant in writing as follows. Place your initials by each item only if you fully understand it.**

=======COURT'S ADMONISHMENTS TO DEFENDANT=======

You are charged with the offense shown above, and you are subject to the following range of punishment:

_____GS_____ STATE JAIL FELONY: a term of confinement in a State Jail for not less than 180 days or more than 2 years, and in addition, a fine not to exceed $10,000.00 may be assessed. Upon conviction for a State Jail Felony offense, the period of confinement may be suspended and you may be placed under supervision of the Court for a period of not less than 2 years or more than five years;

_____ STATE JAIL FELONY WITH TWO STATE JAIL FELONY CONVICTIONS: if a state jail felony punishable under Section 12.35 (a) of the Texas Penal Code is enhanced with two final state jail felony convictions, a term of not more than 10 years or less than 2 years confinement in the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.00 may be assessed;

_____ STATE JAIL FELONY WITH TWO FELONY CONVICTIONS: if a state jail felony punishable under Section 12.35 (a) of the Texas Penal Code is enhanced with two previous final felony convictions, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction becoming final, a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.00 may be assessed;

_____ A STATE JAIL FELONY AND SENTENCED UNDER 12.44 (A): a term of confinement in the county jail not to exceed one year which is a felony conviction;

_____ CLASS A MISDEMEANOR: a term of confinement in the county jail not to exceed one year and/or a fine not to exceed $4,000.00;

_____ CLASS B MISDEMEANOR: a term of confinement in the county jail not to exceed 180 days and/or a fine not to exceed $2,000.00;

_____ OTHER:

_____

1

_GS_ __PLEA BARGAINS:__ if no plea bargain exists, the recommendation of the prosecuting attorney is not binding on the Court. If a plea bargain does exist, the Court will inform you whether it will follow the agreement in open court and before any finding on your plea. Should the Court reject the agreement, you will be entitled to withdraw your plea.

_GS_ __NO RIGHT TO APPEAL:__ if the punishment assessed does not exceed the agreement between you and the prosecutor, the Court will not give you permission to appeal any matter in the case except for matters raised by written motions filed and ruled upon prior to entering your plea.

_GS_ __CITIZENSHIP:__ if you are not a United States Citizen, a plea of guilty or nolo contendere may result in your deportation, exclusion from admission to the United States or denial of naturalization under federal law.

_____ __DEFERRED ADJUDICATION:__ If the court places you on deferred adjudication, you may raise issues such as sufficiency of the evidence in the original plea proceeding before an appellate court within 30 days (within 90 days if you file a timely motion for new trial). If you are on deferred adjudication and violate a condition of your probation, you may be arrested and detained. The Court will then conduct a hearing to determine whether you have violated a condition of your probation and whether to adjudicate your guilt on the original charge. You may not appeal that determination. The Court may then assess your punishment within the full range of punishment for this offense. After the court adjudicates your guilt, all proceedings, including the assessment of punishment and your right to appeal, if any, will continue as if adjudication of guilt had not been deferred on the original charge..

_____ __DOMESTIC VIOLENCE:__ If you are convicted of an offense involving violence where you are or were a spouse, intimate partner, parent, or guardian of the victim or are or were involved in another, similar relationship with the victim, it may be unlawful for you to possess or purchase a firearm, including a handgun or long gun, or ammunition, pursuant to federal law under 18 U.S.C. Section 922(g)(9) or Section 46.04(b), Texas Penal Code. If you have any questions whether these laws make it illegal for you to possess or purchase a firearm, you should consult an attorney.

====DEFENDANT'S WAIVERS AND STATEMENTS====

_G_ _____ I read and write the English Language.

*(or)*

_____ These papers were explained to me in my preferred language of _____, by an interpreter, namely

_____.

_G_ _____ I am a citizen of the United States.

_GS_ __WAIVER OF COURT REPORTER:__ I have consulted with my attorney, whose name is signed below regarding my right to have all court proceedings recorded by an official court reporter. My attorney has advised me of the consequences of not having said proceedings recorded. I understand that it is my burden to show on any appeal or post conviction writ of habeas corpus that my plea of guilty or no contest was not voluntarily or knowingly given and/or that the Judge did not properly advise me of the effect of a plea of guilty or no contest. Understanding all of the above consequences, I wish to waive my right to have a court reporter make a record of the court proceedings in my case.

2

_GS_ **WAIVER OF PRE-SENTENCE REPORT**: I have consulted with my attorney, regarding the application of Article 42.12, Sec. 9(a), Code of Criminal Procedure to my case which provides that prior to imposition of sentence by the judge, the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which I am charged, including my criminal history, if any, and my social history. I understand that the judge is not required to order such a report if the only available punishment is imprisonment or if a plea bargain exists where the punishment is imprisonment, unless I request that such a report be made. I do knowingly and voluntarily waive my right to the preparation of a report by the supervision officer and expressly request that such a report not be prepared, except as may be otherwise required by law.

_GS_ **WAIVER OF PRESERVATION OF EVIDENCE**: I have consulted with my attorney regarding requirements under TEX.CODE CRIM PROC., ART. 38.39 [2001] that any evidence in possession of the attorney representing the state or a clerk or any other officer which is known to contain biological material, which if subjected to scientific testing would more likely than not establish the identity of the person committing the offense for which I am presently charged in the above captioned and numbered cause or which would exclude a person from a group of persons who could have committed the offense for which I am presently charged in the above captioned and numbered cause, shall be preserved. I further have been advised that such evidence may not be destroyed by the attorney representing the state or a clerk or any other officer possessing said evidence if either my attorney, the above named court, or I object within ninety-one (91) days after having received notice of the planned destruction of that evidence. Further, having been advised by my attorney of my rights, and fully understanding those rights to : 1) the preservation of the above described evidence, 2) notice of any planned destruction of the above described evidence, and 3) an objection to any destruction of the above described evidence, I knowingly and voluntarily waive these rights and do not object to the destruction of that evidence at such time as either the attorney for the state or a clerk or any officer currently in possession of that evidence shall deem proper. I also represent to the judge of the above named court that this Waiver of the Presentation of Evidence is not the result of a part of any plea bargain agreement with the attorney representing the state.

Joined by my counsel, I state that I understand the foregoing admonishments and I am aware of the consequences of my plea. I am mentally competent to stand trial and my plea is freely and voluntarily made. I waive and give up any time provided to me by law to prepare for trial. I am satisfied with the representation provided by my counsel and I received effective and competent representation. Under Article 1.14 Code of Criminal Procedure I give up all rights given to me by law, whether of form, substance or procedure. Joined by my counsel, I waive and give up my right to a jury in this case and my right to require the appearance, confrontation and cross examination of the witnesses. I consent to oral and written stipulations of evidence in this case. I waive and give up my right of confidentiality to the pre-sentence report if one is filed in this case and agree that the report may be publicly filed.

<u>Under oath I swear that the foregoing and all the testimony I give in this case is true.</u>

_GiCobra Smith_
Defendant

Sworn and subscribed before me this the____day of ___11-04___, 20___

_____
Deputy District Clerk

FILED
Chris Daniel
District Clerk
NOV 24 2014
Harris County, Texas
Deputy

3

I join in and approve the waivers and stipulations made by the defendant. It is my opinion that the defendant is mentally competent to stand trial, that all of the defendant's statements were freely and voluntarily made, and that the defendant's plea was freely and voluntarily entered.

_____
Counsel for Defendant

_____
Assistant District Attorney

Date: 11/24/14

Approved:

_____
Renee Magee, Judge
337th District Court.

FILED
Chris Daniel
District Clerk

NOV 24 2014

Time: _____
Harris County, Texas

By _____
Deputy

Certified Document Number: 63330203 - Page 6 of 13

4



| THE STATE OF TEXAS | § | IN THE 337TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| SMITH, G'COBRA | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX50074566 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. RENEE MAGEE | Date Judgment Entered: | 11/24/2014 |
| Attorney for State: | COBY LESLIE | Attorney for Defendant: | JEANIE DICKEY |

Offense for which Defendant Convicted:

~~POSS CS PG 4 28-200 GRAMS~~ *w/t possCS PG 4 7=286(200grams (559947)*

| Charging Instrument: | | Statute for Offense: | |
| INFORMATION | | N/A | |

Date of Offense:
11/20/2014

| Degree of Offense: | | Plea to Offense: | Findings on Deadly Weapon: |
| ~~3RD DEGREE FELONY~~ *State Jail Felony* | | GUILTY | N/A |

Terms of Plea Bargain:
180 DAYS STJ,

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | 11/24/2014 | Date Sentence to Commence: | 11/24/2014 |

| Punishment and Place of Confinement: | 180 DAYS STATE JAIL DIVISION, TDCJ |

THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
| $ N/A | $ *299* | $ N/A | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| From | 11/20/2014 | to | 11/24/2014 | From | | to | |
| | | | | From | | to | |
| Time Credited: | From | to | | From | | to | |
| | From | to | | | | | |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

N/A DAYS    NOTES: N/A

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Harris County, Texas. The State appeared by her District Attorney.

Counsel / Waiver of Counsel (select one)
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence

Certified Document Number: 63326380 - Page 1 of 2

**EXHIBIT**
4

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, State Jail Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the **Sheriff of Harris County, Texas** on the date the sentence is to commence. Defendant shall be confined in the **Harris County Jail** for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the **Office of the Harris County District Clerk.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.

Signed and entered on  11/24/2014

X _____
**RENEE MAGEE**
JUDGE PRESIDING

Notice of Appeal Filed:

Mandate Received: Type of Mandate:

After Mandate Received, Sentence to Begin Date is:

Jail Credit:

Def. Received on at ☐ AM ☐ PM

By:, Deputy Sheriff of Harris County

Clerk: E BERNARDEZ
Case Number: 144908301010
Defendant: SMITH, G'COBRA

FIN (CAS 20.10):        EN/KR04:        LCBT:        LCBU:        EN/KR18:

Right Thumbprint

Certified Document Number: 63326380 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 27, 2015

Certified Document Number:       63326380 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

## LABORATORY REPORT

March 23, 2015

**LABORATORY NUMBER:** IFS14-15410

| | Date of Birth | Race | Sex |
|---|---|---|---|
| **SUSPECT:** POWELL, COREY | 01/19/1990 | Black | M |
| **SUSPECT:** GCOBRA, SMITH | 01/31/1997 | Black | M |

**CASE OFFICER:** J. Grant

Baytown Police Department
3200 N. Main
Baytown, TX 77521

**OFFENSE NUMBER:** 201454827

### SUBMISSION INFORMATION:

On 11/25/2014 the following submissions were received from J. Lunsford.

Submission 001 - Plastic evidence bag
Submission 002 - Plastic evidence bag

### EVIDENCE DESCRIPTIONS, RESULTS OF ANALYSIS AND INTERPRETATIONS:

#### Item 1 (Contained within Submission 001)

Stapled plastic bag containing yellow-brown, rock-like substance

**No Compounds Confirmed By Standard Procedures**
**Net Weight: 8.238 ± 0.006 grams (99.73% Level of Confidence)**

One or more compounds were identified, but not confirmed. Examples applicable to this result type may include, but are not limited to: tablet binders, flavoring agents, additives, and botanical or fungal extracts.

Analytical Methods: GC-FID (Gas Chromatograph – Flame Ionization Detector)
GC-MS (Gas Chromatograph – Mass Spectrometer)

#### Item 1A (Contained within Submission 002)

Stapled plastic bag containing off-white, tan, rock-like substance

**No Compounds Detected By Standard Procedures**
**Net Weight: 0.454 ± 0.006 grams (99.73% Level of Confidence)**

Analytical Methods: GC-FID (Gas Chromatograph – Flame Ionization Detector)
GC-MS (Gas Chromatograph – Mass Spectrometer)

#### Item 2 (Contained within Submission 001)

Stapled plastic bag containing white, rock-like substance

**No Compounds Confirmed By Standard Procedures**
**Net Weight: 0.548 ± 0.006 grams (99.73% Level of Confidence)**


EXHIBIT
5

An ASCLD/LAB-*International* and Texas Department of Public Safety Accredited Testing Laboratory

One or more compounds were identified, but not confirmed. Examples applicable to this result type may include, but are not limited to: tablet binders, flavoring agents, additives, and botanical or fungal extracts.

Analytical Methods:  GC-FID  (Gas Chromatograph – Flame Ionization Detector)
GC-MS  (Gas Chromatograph – Mass Spectrometer)

## Item 2A (Contained within Submission 002)

Stapled plastic bag containing off-white, rock-like substance

### No Compounds Confirmed By Standard Procedures
### Net Weight: 0.130 ± 0.006 grams    (99.73% Level of Confidence)

One or more compounds were identified, but not confirmed. Examples applicable to this result type may include, but are not limited to: tablet binders, flavoring agents, additives, and botanical or fungal extracts.

Analytical Methods:  GC-FID  (Gas Chromatograph – Flame Ionization Detector)
GC-MS  (Gas Chromatograph – Mass Spectrometer)

## Item 3 (Contained within Submission 002)

Stapled plastic bag containing yellow-brown, rock-like substance

### No Compounds Confirmed By Standard Procedures
### Net Weight: 2.501 ± 0.006 grams    (99.73% Level of Confidence)

One or more compounds were identified, but not confirmed. Examples applicable to this result type may include, but are not limited to: tablet binders, flavoring agents, additives, and botanical or fungal extracts.

Analytical Methods:  GC-FID  (Gas Chromatograph – Flame Ionization Detector)
GC-MS  (Gas Chromatograph – Mass Spectrometer)

## Item 4 (Contained within Submission 002)

Plastic bottle containing ~180 mL red liquid substance

### Caffeine
### Net Weight: 178.736 ± 0.006 grams    (99.73% Level of Confidence)

Analytical Methods:  GC-FID  (Gas Chromatograph – Flame Ionization Detector)
GC-MS  (Gas Chromatograph – Mass Spectrometer)

---

**Supplemental analysis may be conducted upon request.
This may include untested or unconfirmed items.**

---

Evidence Processor
Jesse Zavala, M.S., Affiliate-ABC
Forensic Chemist II

Analytical Data Reviewer
Sharonda N. Williams, B.S., F-ABC
Forensic Chemist II

No. 1449083-_A_

EX PARTE                                §        IN THE 337TH DISTRICT COURT
                                        §
                                        §
                                        §
                                        §
                                        §
                                        §
G'COBRA SMITH                           §        OF HARRIS COUNTY, TEXAS

---

**RECOMMENDATION REGARDING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

Having considered Applicant's Application for Writ of Habeas Corpus and having entered agreed findings of fact and conclusions of law, this Court hereby RECOMMENDS:

**GROUND ONE:** Involuntary plea

_X_ Relief is recommended and the Applicant should be returned to the position as if no final order or judgment had issued in Applicant's case, Cause Number 1449083

OR

_____ Relief should be denied

Smith, G'Cobra – Order in Habeas Proceeding Regarding Trial Cause 1449083

**GROUND TWO:** In light of the lab report which indicates that Applicant was not guilty of the specific offense justifying the conviction in this case, Applicant's conviction for attempted possession of substance in p.g. 4, $\geq$ 28 g. and < 200 g. (codeine) violates due process of law

_X_ Relief is recommended and the Applicant should be returned to the position as if no final order or judgment had issued in Applicant's case, Cause Number 1449083

OR

_____ Relief should be denied

Signed and entered on this the _16_ day of ___June___, 20_15_.

_Renee Magee_
JUDGE PRESIDING

No. 1449083-A

EX PARTE                          §        IN THE 337TH DISTRICT COURT
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
G'COBRA SMITH                     §        OF HARRIS COUNTY, TEXAS

---

### ORDER TO TRANSMIT RECORD

---

The Clerk is ordered to prepare a transcript of all papers in this cause, including, but not limited to:

1.  The Clerk's Record of all habeas corpus proceedings challenging Cause 1449083.

2.  Any other document submitted to the Clerk in the habeas corpus proceedings challenging Cause 1449083

The Clerk shall send this transcript to the Court of Criminal Appeals as provided by the Code of Criminal Procedure. The Clerk shall send a copy of this order to Applicant's counsel and counsel for the State.

Signed and entered on this the _16_ day of _June_, 20_15_.

_Renee Magee_
JUDGE PRESIDING

Smith, G'Cobra – Order in Habeas Proceeding Regarding Trial Cause 1449083



| THE STATE OF TEXAS | § | IN THE 337TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| SMITH, G'COBRA | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX50074566 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. RENEE MAGEE | Date Judgment Entered: | 11/24/2014 |
| Attorney for State: | COBY LESLIE | Attorney for Defendant: | JEANIE DICKEY |

Offense for which Defendant Convicted:

~~POSS CS PG 4 28-200 GRAMS~~ *att posscs PG 4 7=28G(200grams (559547)*

| Charging Instrument: | | Statute for Offense: |
| INFORMATION | | N/A |

Date of Offense:
11/20/2014

| Degree of Offense: | | Plea to Offense: | Findings on Deadly Weapon: |
| ~~3RD DEGREE FELONY~~ *State Jail Felony* | | GUILTY | N/A |

Terms of Plea Bargain:
180 DAYS STJ ,

| Plea to 1ˢᵗ Enhancement Paragraph: | N/A | Plea to 2ⁿᵈ Enhancement/Habitual Paragraph: | N/A |
| Findings on 1ˢᵗ Enhancement Paragraph: | N/A | Findings on 2ⁿᵈ Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | 11/24/2014 | Date Sentence to Commence: | 11/24/2014 |

| Punishment and Place of Confinement: | 180 DAYS STATE JAIL DIVISION, TDCJ |

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
| $ N/A | $ 299 | $ N/A | ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| Time Credited: | From | 11/20/2014 | to | 11/24/2014 | | From | | to | |
| | | | | | | From | | to | |
| | From | | to | | | From | | to | |
| | From | | to | | | | | | |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS     NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Harris County, Texas.** The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence again

Certified Document Number: 63326380 - Page 1 of 2

STATE'S EXHIBIT

C

The Court FINDS Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, State Jail Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the **Sheriff of Harris County, Texas** on the date the sentence is to commence. Defendant shall be confined in the **Harris County Jail** for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the **Office of the Harris County District Clerk.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.

Signed and entered on   11/24/2014

x _____
**RENEE MAGEE**
JUDGE PRESIDING

Notice of Appeal Filed:

Mandate Received: Type of Mandate:

After Mandate Received, Sentence to Begin Date is:

Jail Credit:

Def. Received on at ☐ AM ☐ PM

By: , Deputy Sheriff of Harris County

Right Thumbprint

Clerk: E BERNARDEZ
Case Number: **144908301010**
Defendant: **SMITH, G'COBRA**

FIN (CAS 20.10):      EN/KR04:      LCBT:      LCBU:      EN/KR18:

Certified Document Number: 63326380 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 5, 2015

Certified Document Number:        63326380 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# HARRIS COUNTY INSTITUTE OF FORENSIC SCIENCES

1885 Old Spanish Trail
Houston, Texas 77054-2001
Phone: 713-796-6830 Fax: 713-796-6794

## LABORATORY REPORT

March 23, 2015

**LABORATORY NUMBER:** IFS14-15410

| | Date of Birth | Race | Sex |
|---|---|---|---|
| **SUSPECT:** POWELL, COREY | 01/19/1990 | Black | M |
| **SUSPECT:** GCOBRA, SMITH | 01/31/1997 | Black | M |

**CASE OFFICER:** J. Grant

Baytown Police Department
3200 N. Main
Baytown, TX 77521

**OFFENSE NUMBER:** 201454827

---

## SUBMISSION INFORMATION:

On 11/25/2014 the following submissions were received from J. Lunsford.

Submission 001 - Plastic evidence bag
Submission 002 - Plastic evidence bag

---

## EVIDENCE DESCRIPTIONS, RESULTS OF ANALYSIS AND INTERPRETATIONS:

### Item 1 (Contained within Submission 001)

Stapled plastic bag containing yellow-brown, rock-like substance

**No Compounds Confirmed By Standard Procedures**
**Net Weight: 8.238 ± 0.006 grams    (99.73% Level of Confidence)**

One or more compounds were identified, but not confirmed. Examples applicable to this result type may include, but are not limited to: tablet binders, flavoring agents, additives, and botanical or fungal extracts.

Analytical Methods:    GC-FID    (Gas Chromatograph – Flame Ionization Detector)
GC-MS    (Gas Chromatograph – Mass Spectrometer)

### Item 1A (Contained within Submission 002)

Stapled plastic bag containing off-white, tan, rock-like substance

**No Compounds Detected By Standard Procedures**
**Net Weight: 0.454 ± 0.006 grams    (99.73% Level of Confidence)**

Analytical Methods:    GC-FID    (Gas Chromatograph – Flame Ionization Detector)
GC-MS    (Gas Chromatograph – Mass Spectrometer)

### Item 2 (Contained within Submission 001)

Stapled plastic bag containing white, rock-like substance

**No Compounds Confirmed By Standard Procedures**
**Net Weight: 0.548 ± 0.006 grams    (99.73% Level of Confidence)**



STATE'S EXHIBIT
D
PENGAD 800-631-6989

---

An ASCLD/LAB-*International* and Texas Department of Public Safety Accredited Testing Laboratory

hcmecsALL v012015

One or more compounds were identified, but not confirmed. Examples applicable to this result type may include, but are not limited to: tablet binders, flavoring agents, additives, and botanical or fungal extracts.

Analytical Methods:     GC-FID     (Gas Chromatograph – Flame Ionization Detector)
                        GC-MS      (Gas Chromatograph – Mass Spectrometer)

## Item 2A (Contained within Submission 002)

Stapled plastic bag containing off-white, rock-like substance

**No Compounds Confirmed By Standard Procedures**
**Net Weight: 0.130 ± 0.006 grams     (99.73% Level of Confidence)**

One or more compounds were identified, but not confirmed. Examples applicable to this result type may include, but are not limited to: tablet binders, flavoring agents, additives, and botanical or fungal extracts.

Analytical Methods:     GC-FID     (Gas Chromatograph – Flame Ionization Detector)
                        GC-MS      (Gas Chromatograph – Mass Spectrometer)

## Item 3 (Contained within Submission 002)

Stapled plastic bag containing yellow-brown, rock-like substance

**No Compounds Confirmed By Standard Procedures**
**Net Weight: 2.501 ± 0.006 grams     (99.73% Level of Confidence)**

One or more compounds were identified, but not confirmed. Examples applicable to this result type may include, but are not limited to: tablet binders, flavoring agents, additives, and botanical or fungal extracts.

Analytical Methods:     GC-FID     (Gas Chromatograph – Flame Ionization Detector)
                        GC-MS      (Gas Chromatograph – Mass Spectrometer)

## Item 4 (Contained within Submission 002)

Plastic bottle containing ~180 mL red liquid substance

**Caffeine**
**Net Weight: 178.736 ± 0.006 grams     (99.73% Level of Confidence)**

Analytical Methods:     GC-FID     (Gas Chromatograph – Flame Ionization Detector)
                        GC-MS      (Gas Chromatograph – Mass Spectrometer)

---

**Supplemental analysis may be conducted upon request.**
**This may include untested or unconfirmed items.**

---

Evidence Processor
Jesse Zavala, M.S., Affiliate-ABC
Forensic Chemist II

Analytical Data Reviewer
Sharonda N. Williams, B.S., F-ABC
Forensic Chemist II

## Satterwhite, Keith

| | |
|---|---|
| **From:** | Chandler, Inger |
| **Sent:** | Monday, March 23, 2015 2:53 PM |
| **To:** | Hughes, Nicolas (Public Defender's Office); Wicoff, Bob (Public Defender's Office) |
| **Cc:** | Bax, Dick; Satterwhite, Keith |
| **Subject:** | Gcobra Smith - Cause No. 1449083 - CURRENTLY IN JAIL |
| **Attachments:** | IFS14-15410.pdf |

**Importance:** High

Nick-

Defendant pled guilty on 11/24/2014 to Attempted PCS PG4 28-200 grams (Codeine) – sentenced to 180 days STJ.
Lab report indicates "no compounds confirmed."

It appears Mr. Smith is currently housed in the Travis County State Jail.
http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=50074566

~inger

**Inger H. Chandler**
Assistant District Attorney
Conviction Review Section
Office: 713.755.1570
Fax: 713.368.9275



This e-mail is the work product of the Harris County District Attorney's Office prepared in anticipation of or in the course of preparing for criminal litigation. This e-mail reflects the mental impressions or legal reasoning of an attorney representing the State of Texas or her staff. This e-mail is not subject to public disclosure without the express permission of the Harris County District Attorney or her designated representative.



1

## Related Text Page(s)

Document: **ORIGINAL OFFICERS REPORT**
Author: **13417 - GRANT,JOHNATHAN**
Related date/time: **Nov-20-2014  (Thu.)**

ORIGINAL REPORT BY OIT GRANT #172...ON 11-20-14 AT APPROX. 0851 HOURS MYSELF AND OFFICER GALLEGOS #138 WERE DISPATCHED TO 919 NORTHWOOD DR. WHICH IS LOCATED IN BAYTOWN HARRIS COUNTY TEXAS, IN REGARDS TO A PERSON WITH A WEAPON.

WHILE IN ROUTE DISPATCH GAVE THE FOLLOWING SUSPECTS DESCRIPTION:

ONE BLACK MALE WEARING A BLACK HOODIE AND BLACK RAG ON HIS HEAD.

ONE BLACK MALE WEARING A BLACK SHIRT AND GRAY JAVA PANTS.

ONE BLACK MALE WEARING A PINK SHIRT, BLUE JEANS AND SLIPPERS.

WHILE ATTEMPTING TO LOCATE THE SUBJECTS I OBSERVED SIX BLACK MALES STANDING AROUND THE 900 BLOCK OF NORTHWOOD DR. I NOTICED THAT THREE OF THE SUBJECTS FIT THE DESCRIPTION DISPATCH GAVE TO RESPONDING UNITS. I TURNED MY PATROL UNIT AROUND TO MAKE CONTACT WITH THE SUBJECTS. THE SUBJECTS STARTED TO WALK AWAY FROM EACH OTHER. I MADE CONTACT WITH ONE OF THE BLACK MALES WEARING A BLACK SHIRT AND GRAY PANTS. THE SUBJECT WAS IDENTIFIED AS DARREL FORD, B/M 4-7-80. DARREL STATED HE DID NOT KNOW OF ANYTHING GOING ON. I HAD DISPATCH RUN DARREL, TO WHICH DISPATCH ADVISED DARREL HAD A LOCAL WARRANT. I ARRESTED DARREL FOR HIS LOCAL WARRANT. SEARCH INCIDENT TO ARREST I FOUND THREE PILLS IN A LITTLE CONTAINER ON DARREL'S KEY CHAIN. DARREL STATED THE MEDICATION WAS FOR HIS HEART. I CHECKED THE PILLS ON DRUGS.COM AND THE THREE PILLS WERE IDENTIFIED AS FOLLOWED: 1 PILL, CITALOPRAM 40 MG, 1 PILL ALLOPURINOL 100 MG, AND 1 PILL MYLAN. THE PILLS WERE SUBMITTED TO PROPERTY LOCKER #26 FOR SAFEKEEPING. I SECURED DARREL IN THE BACK OF OFFICER ARMSTRONGS #50 PATROL UNIT. OFFICER ARMSTRONG TRANSPORTED DARRELL TO THE BAYTOWN JAIL AND BOOKED HIM IN THE JAIL FOR FAILURE TO MAINTAIN FINANCIAL RESPONSIBILITY WARRANT NUMBER 785579, $520.00.

OFFICER GALLEGOS MADE CONTACT WITH THE SUBJECT IDENTIFIED AS SMITH GCOBRA, B/M 1-31-97. BEFORE WE MADE CONTACT WITH SMITH, OFFICER GALLEGOS OBSERVED SMITH TRYING TO WALK AWAY FROM THE SCENE. OFFICER GALLEGOS ADVISED HE HAD SEEN SMITH THROW A WATER BOTTLE WITH A RED LIQUID ABOUT HALF FULL LATER IDENTIFIED AS CODEINE IN THE BUSHES. SMITH WAS ALSO SEEN PUTTING SOMETHING IN HIS BACK RIGHT PANTS POCKET. I HAD DISPATCH RUN SMITH, TO WHICH DISPATCH CONFIRMED LOCAL WARRANTS. SMITH WAS TAKEN INTO CUSTODY. SEARCH INCIDENT TO ARREST I FOUND A

STATE'S EXHIBIT

F

PENGAD 800-631-6989

PIECE OF PAPER TOWEL IN SMITH'S RIGHT BACK POCKET. THE PAPER TOWEL CONTAINED THE FOLLOWING ITEMS:

4 PIECES OF BROWN ROCKS, WEIGHING .03 GRAMS
1 PIECE OF WHITE ROCK, WEIGHING .01 GRAMS
1 PIECE OF YELLOW ROCK, WEIGHING 2.5 GRAMS

THE WATER BOTTLE SMITH WAS SEEN THROWING IN THE BUSHES WAS COLLECTED AS EVIDENCE. THE WATER BOTTLE CONTAINING THE CODEINE WAS WEIGHED AT THE STATION. IT WEIGHED 195.6 GRAMS. ALL OF THE ITEMS LISTED ABOVE WERE SUBMITTED TO THE MEDICAL EXAMINER TO BE LATER TESTED, AND IF RESULTS TESTED ARE FOUND TO BE DRUGS, CHARGES WILL BE FILED.

I CALLED THE DA'S OFFICE AND SPOKE WITH ADA STABE WHO ACCEPTED CHARGES ON SMITH FOR POSSESSION OF DANGEROUS DRUGS, TRANSACTION #2116200.

OFFICER ARMSTRONG TRANSPORTED SMITH TO THE BAYTOWN JAIL AND BOOKED HIM FOR HIS WARRANT, POSSESSION OF DRUG PARAPHERNALIA WARRANT #823097, AND POSSESSION OF DANGEROUS DRUG.

SUBJECT COREY POWELL, B/M 1-19-90  WAS RELEASED AT THE SCENE WITH NO CHARGES...END OF REPORT